UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ADAM MA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.L. MONTGOMERY, Warden,<br><br>　　　　　Respondent. | Case No. CV16-07970-CJC (KES)<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On October 21, 2016, Benjamin Adam Ma ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) For the reasons set forth below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely

**I.**

**BACKGROUND**

The following facts are taken from the Petition, the Court's own records, or public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson,

631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

On February 11, 2014, Petitioner pled no contest to attempted murder with discharge of a firearm in the California Superior Court for San Luis Obispo County. (Petition at 2.[1]) On March 13, 2014, Petitioner was sentenced to 25 years, and he is currently incarcerated in the Calipatria, California. (Id.) He did not file a direct appeal. (Id. at 2-3.) It appears that Petitioner sought habeas relief in the state courts as follows:

| Filing Date | Court | Case No. | Disposition |
| --- | --- | --- | --- |
| Oct. 7, 2015 | California Court of Appeal | B267349 | Summarily Denied on Oct. 14, 2015 |
| Nov. 23, 2015 | California Supreme Court | S230776 | Summarily Denied In re Ma, 2016 Cal. LEXIS 5055 (Cal. Feb. 24, 2016) |
| Jan. 28, 2016 | California Superior Court, San Luis Obispo | | Denied on Feb. 14, 2016 |
| April 8, 2016 | California Court of Appeal | B271422 | Summarily Denied on Apr. 13, 2016 |
| July 22, 2016 | California Supreme Court | S236084 | Summarily Denied In re Ma, 2016 Cal. LEXIS 7998 (Cal. Sept. 21, 2016) |

In his current federal Petition, Petitioner argues that he was innocent of attempted murder because he lacked the specific intent to kill the victim when he shot the victim. (Petition, Dkt. 1-1 at 7-8.) He argues this is demonstrated by a police report written by a Detective Dunn, which states that Petitioner travelled to the park where the shooting occurred in order to sell medicinal marijuana, not in order to shoot

---

[1] All page numbers refer to the CM/ECF pagination.

2

the victim, "a person [Petitioner] did not know was going to be at the park[.]" (Id. at 7.) However, "Petitioner is not denying he shot David Luzinas [the victim]." (Id. at 10.)

Petitioner raises three[2] grounds for relief. First, he that argues he received ineffective assistance of counsel during plea negotiations, because counsel "failed to investigate, challenge and present a reasonable defense when evidence indicated that said Petitioner was innocent of the charge … when the record was clear on this fact[.]" (Petition, Dkt. 1 at 7, 10.) Second, he argues that his 6th, 8th, and 14th Amendment rights were violated because the judge who accepted his no contest plea failed "to do his own investigation of the record which was the police report of [D]etective Dunn and … determine that the facts sustained the charge[.]" (Id. at 11-12.) Third, Petitioner contends that his equal protection and due process rights were violated because he was innocent of the charges. (Id. at 5, 14-15.) Petitioner appears to admit that his Petition is untimely, but he argues this should be excused based on either equitable tolling or because he is actually innocent. (Petition, Dkt. 1 at 37.)

## II.

## LEGAL STANDARD

The Ninth Circuit has held that a district court has the authority to raise a statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of a habeas petition, and to summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

---

[2] The Petition actually includes four grounds, but Ground Four simply argues that Petitioner is entitled to relief under 28 U.S.C. § 2254 because of the arguments raised in Grounds One through Three.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009).

The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 135 (2012). In contrast, where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the United States Supreme Court expires. See Jimenez, 555 U.S. at 120. This is because the United States Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. § 1257(a). To appeal to the United States Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13.

### III.
### ANALYSIS

**A.     The Petition is untimely on its face.**

Petitioner states that he was sentenced on March 13, 2014, and that he did not file a direct appeal in the California Court of Appeal. (Petition at 2.) His conviction and sentence therefore became "final," for purposes of the AEDPA statute of limitations, on the date that the time for seeking such review expired. See 28 U.S.C. § 2244(d)(1); Gonzalez, 565 U.S. at 135. The time for seeking such review expired sixty days after judgment was rendered, that is on May 13, 2014. See Cal. Rules of Court, Rule 8.308. The AEDPA statute of limitations period began to run the following day, on May 14, 2014, and expired one year later on May 14, 2015. Even with the benefit of the mailbox rule,[3] Petitioner did not file his federal Petition with

---

[3] "Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted); Houston v. Lack,

this Court until October 21, 2016. (Petition, Dkt. 1 at 18.) Accordingly, the Petition is untimely unless Petitioner is entitled to statutory or equitable tolling, or unless he has stated a sufficient "actual innocence" claim.

**B.  Petitioner has not shown that he is entitled to statutory tolling.**

AEDPA provides for statutory tolling as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000). However, statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston

---

487 U.S. 266 (1988). A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam, as amended).

6

1    v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292
2    F.3d 1063, 1065 (9th Cir. 2002).

3        In the present case, it appears that Petitioner's first petition for collateral review was filed in the California Court of Appeal on October 7, 2015, in case no. B267349. At that point, the AEDPA statute of limitations had already expired on May 14, 2015. The state habeas petitions that he filed after that cannot restart the AEDPA limitations period. See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482; Wixom; 364 F.3d at 898-99. Accordingly, Petitioner is not entitled to statutory tolling unless he can show that he filed collateral review proceedings (that is, a petition for writ of habeas corpus) in a state court prior to May 14, 2015. On the present record, it does not appear that Petitioner did so.

### C.    Petitioner has not shown that he is entitled to equitable tolling.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, a petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"). Again, the burden of demonstrating

7

that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo, 614 F.3d at 967; Gaston, 417 F.3d at 1034; Miranda, 292 F.3d at 1065.

In the present case, Petitioner argues the untimeliness of his Petition should be excused because "a person who is indigent, has no investigative means except a prison phone and with no comprehension and little intelligence should be allowed to proceed under such circumstances…." (Petition, Dkt. 1 at 37.) These generalized allegations are insufficient to establish a right to equitable tolling, which the Ninth Circuit has emphasized will be granted in rare and extraordinary circumstances. See generally Lara v. Neven, 629 F. App'x 790, 792 (9th Cir. Oct. 29, 2015) ("[N]either [petitioner's] limited access to the law library in prison, nor his lack of advice or assistance from counsel, nor their combination so interfered with his ability to file a timely federal petition as to allow for equitable tolling."); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that petitioner was not entitled to equitable tolling based on his "pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions," because "these circumstances are hardly extraordinary given the vicissitudes of prison life").

**D. Petitioner has not shown that he is "actually innocent" for purposes of allowing him to file a belated habeas petition.**

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases … implicating a fundamental miscarriage of justice." Id. at 937 (internal quotation

8

marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938; see also House v. Bell, 547 U.S. 518, 538 (2006) ("[I]t bears repeating that the Schlup standard is demanding and permits review only in the 'extraordinary' case.").

Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Lee, 653 F.3d at 938-39 (quoting Schlup, 513 U.S. at 316). Further, a petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 324). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003).

In the present case, Petitioner argues that the untimeliness of his Petition should be forgiven because "the record shows Petitioner is clearly innocent of the charge of attempt[ed] murder and the intentional discharge of a firearm which clearly excuse[s] the time delay…." (Petition, Dkt. 1 at 37.) Petitioner admits that he shot the victim, but argues that he is "actually innocent" of attempted murder because there was insufficient evidence that he had the specific intent to kill the victim. Specifically, he alleges that he went to the park where the victim was shot in order to sell marijuana, rather than in order to shoot the victim. He argues that this is proven by a police report written by a Detective Dunn.

There are at least two problems with this argument. First, it is not clear to the Court precisely what police report Petitioner is citing in support of his actual

innocence argument. Petitioner has attached over 100 pages of documents to his Petition, including the charging document in his criminal case, a copy of the docket, and multiple police reports by Detective Dunn, who appears to have been the lead investigator. (Petition, Dkt. 1-2, 1-3, 1-4, 1-5.) These appear to be documents that were filed in Petitioner's criminal case, which would mean that they are not considered new evidence, for purposes of establishing actual innocence in this context. Indeed, in his ineffective assistance of counsel claim, Petitioner appears to be arguing that his counsel should have urged him to plead not guilty based on the police report in question, an argument which implies that the report was already in the record and/or available to the defense. See generally Cooper v. Brown, 510 F.3d 870, 971 (9th Cir.2007), cert. denied, 130 S.Ct. 749 (2009) ("Petitioner may not make a showing of actual innocence based on what was known at the time of trial and presented to the jury."); Canez v. Ryan, 25 F. Supp. 3d 1250, 1267 (D. Ariz. 2014) (noting the proffered evidence "was not new because it had either been previously presented at trial or was known by the defense at the time of trial"). Accordingly, Petitioner does not appear to be presenting any "new" evidence, as required to state a claim of actual innocence.

Second, and more fundamentally, Petitioner's argument does not appear to be a true actual innocence claim. "[T]he actual innocence exception applies only if Petitioner is *factually innocent* of the charge for which he is incarcerated as opposed to legally innocence as a result of legal error." Sapp v. Soto, 2014 WL 4766651, at *5 (N.D. Cal. Sept. 24, 2014). As one court has explained in assessing a similar claim:

> [E]ven if the new evidence negated a reasonable jury's finding of intent to kill, Petitioner's actual innocence claim fails. In order for barred claims to pass through "Schlup's gateway," Petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140

10

> L.Ed.2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir.2003). Even if Petitioner could convince a jury that he lacked the intent to kill, it does not prove his factual innocence, instead it just reduces Petitioner's level of culpability. If Petitioner lacked the intent to kill, it is most likely that firing shots at the car would have been done with reckless indifference and Petitioner would be guilty of a lesser included offense such as manslaughter. The Schlup miscarriage of justice exception to the statute of limitations requires factual innocence, and Petitioner's lesser showing of culpability is not adequate grounds for allowing Petitioner to pass through the gateway.

Guizar v. Gipson, 2012 WL 2958248, at *17 (E.D. Cal. July 19, 2012). Here, Petitioner is arguing that *legally* there was insufficient evidence that he had the specific intent required for attempted murder, not that he *factually* did not shoot the victim.

## IV.
## CONCLUSION

Accordingly, the Petition is untimely on its face and, on the current record, Petitioner has failed to show that he is entitled to statutory tolling, equitable tolling, or the benefit of the actual innocence exception to AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that, on or before **December 2, 2016**, Petitioner shall show cause on writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: November 02, 2016

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge